2016 AUG 25 AM 8: 30

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____  _____
DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| VERONICA SANCHEZ, Individually, | § | |
| as Representative of the Estate of | § | |
| ANTHONY THEROUX, Deceased, and | § | |
| as Next Friend of N.A.T., a minor, and | § | |
| MAUREEN B. THEROUX, | § | No. 4:15-CV-0023-PRM-LS |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| FORD MOTOR COMPANY, | § | |
| Defendant. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court for consideration are Defendant Ford Motor Company's ("Ford") Motion to Dismiss for Lack of Standing and Lack of Capacity Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c) [ECF No. 50], Plaintiffs' response in opposition [ECF No. 53-1], and Defendant's reply [ECF No. 56]. The matter was referred to the undersigned United States Magistrate Judge on July 29, 2016, for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Court Rule Appendix C. [ECF No. 59]

Anthony Theroux ("Theroux") died in a vehicle accident on April 14, 2014 in Reeves County, Texas. The plaintiffs in this lawsuit allege that the Ford truck Theroux was driving was defective and caused the accident that killed him. One of the plaintiffs, Veronica Sanchez ("Sanchez"), alleges that she is a proper wrongful death beneficiary and proper representative of Theroux's estate because she is his "surviving wife." Ford argues that Sanchez and Theroux were not married and that Sanchez's claims must therefore be dismissed.

Under Texas law, only the "surviving spouse, children, and parents of the deceased" may recover damages under the Texas Wrongful Death Act. *See* TEX. CIV. PRAC. & REM. CODE § 71.004. Moreover, a survival action on behalf of a decedent's estate must be brought by the

"heirs, legal representatives, and estate of the injured person." *Id.* § 71.021(b). The Texas Estates Code defines an "heir" as "a person who is entitled under the statutes of descent and distribution to a part of the estate of a decedent who dies intestate...includ[ing] the decedent's surviving spouse." TEX. ESTATES CODE § 22.015. Ford argues that Sanchez's wrongful death and survivorship claims must be dismissed because she and Theroux were never married and she is not his "surviving spouse."

The parties do not dispute that Sanchez and Theroux were never formally married. They disagree, however, about whether Sanchez and Theroux were in an informal or common law marriage at the time of Theroux's death. A common law marriage in Texas requires that (1) an agreement exists to be married; (2) after the agreement, the two lived as husband and wife in Texas; and (3) they represented to others that they were married. *In re C. M. V.*, 479 S.W.3d 352, 360 (Tex. App.--El Paso 2015, no pet.)

## I.    Ford Cannot Challenge Sanchez's *Statutory* Standing To Bring Suit Under Rule Rule 12(b)(1) Because *Statutory* Standing Is Unrelated to Federal Subject Matter Jurisdiction

Ford moves to dismiss for want of subject matter jurisdiction under Federal Rule of Procedure 12(b)(1). Federal courts are considered courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Typically, federal jurisdiction is predicated on the existence of a question of federal law in the pleadings, 28 U.S.C. § 1331, or on the parties' diversity of citizenship, 28 U.S.C. § 1332. In this case, Plaintiffs allege that they are citizens of either Texas or Illinois [ECF No. 46, at 2], and Ford admitted in its original answer that it is a citizen of

2

Delaware. [ECF No. 6, at 2] The parties are diverse, and no party challenges federal diversity jurisdiction under 28 U.S.C. § 1332.

Ford contends that there is no subject matter jurisdiction as to Sanchez because she lacks statutory standing to bring suit under Texas law. This argument confuses statutory standing and Article III standing. Article III of the Constitution limits federal court jurisdiction to "Cases" and "Controversies." *Clapper v. Amnesty Intern. USA*, 133 S. Ct. 1138, 1146 (2013). One element of the "case-or-controversy" requirement is that a plaintiff must establish that she has "standing" to sue. *Id.* To establish Article III standing, a plaintiff must show an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Id.* at 1147. If there is no Article III standing, there is no federal subject matter jurisdiction. *Cadle Co. v. Neubauer*, 562 F.3d 369, 374 (5th Cir. 2009)("A defect in Article III standing is a defect in subject-matter jurisdiction that can be raised by the parties or the court at any time.")

Statutory standing, on the other hand, is a "question of whether or not a particular cause of action authorizes an injured plaintiff to sue...[and] is a merits question...not a jurisdictional question."[1] *Blanchard 1986, Ltd. v. Park Plantation, LLC,* 553 F.3d 405, 409 (5th Cir. 2008). As between Article III standing and statutory standing, courts have treated only Article III standing as a Rule 12(b)(1) issue pertaining to subject matter jurisdiction. *See, e.g., Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) (*citing Blanchard 1986, Ltd.*, 553 F.3d at 409. "[A] dismissal for lack of...statutory standing is properly granted under

---

[1] Ford's motion alleges that Sanchez lacks both standing and capacity. The Texas case Ford cites equates "capacity" with statutory standing. *See Davis v. Bills*, 444 S.W.3d 752, 758 (Tex.App.—El Paso, 2014, no pet.)("Appellant is not a statutory beneficiary who can recover for his grandson's death under the Wrongful Death Act and thus, lacked capacity to file suit.")

Rule 12(b)(6)." *Id.* Accordingly, as Ford's motion to dismiss relates to Sanchez's standing under the Texas wrongful death and survivorship statutes, it is properly characterized as a motion to dismiss under Rule 12(b)(6), or in the case of a post-answer motion, Rule 12(c).[2]

**II.     Ford's Rule 12(c) Dismissal Motion Should Be Denied Because There Is A Genuine Dispute About Whether Sanchez Was Married to Theroux When He Died, Both on the Pleadings and in the Parties' Documentary Evidence.**

Ford filed its motion to dismiss several weeks after it filed its answer to Plaintiff's second amended complaint, so Ford properly characterizes it as a Rule 12(c) motion for judgment on the pleadings. *See* FED. R. CIV. P. 12(b)(motion seeking dismissal for failure to state a claim "must be made before pleading if a responsive pleading is allowed"); *see also Gill v. Devlin*, 867 F. Supp. 2d 849, 853 (N.D. Tex. Mar. 12, 2012)(treating post-answer Rule 12(b)(6) motion as Rule 12(c) motion).

Rule 12(c) provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209-210 (5th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative

---

[2] Both of the cases Ford cites regarding subject matter jurisdiction and standing relate to Article III standing, not statutory standing. *See Cadle Co. v. Neubauer,* 562 F.3d 369, 374 (5th Cir. 2009); *Friends of the Earth, Inc., v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 361-62 (5th Cir. 1996).

4

level." *In re Great Lakes*, 624 F.3d at 210 (*quoting Twombly*, 550 U.S. at 555). A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992).

"A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). However, when parties present "matters outside the pleadings," the court has discretion to either accept or exclude the evidence for purposes of the motion to dismiss. *See McBurney v. Cuccinelli*, 616 F.3d 393, 410 (4th Cir. 2010) ("'As is true of practice under Rule 12(b)(6), it is well-settled that it is within the district court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c).'" Rule 12(d) mandates that "[i]f... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

In this case, judgment on the pleadings is not appropriate. Sanchez alleges in her live complaint that she "is the surviving wife of Anthony Theroux, deceased" [ECF No. 46, at 2] and "surviving wife" [ECF No. 46, at 5]. In its answer Ford "denies Plaintiff Veronica Sanchez is the 'surviving wife' of Anthony Theroux" [ECF No. 47, at 2]. On the pleadings alone, then, it cannot

be said that "material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings." *Hebert Abstract Co., Inc.* 914 F.2d at 76.

Recognizing this, both parties tender to the court extensive material outside of the pleadings to support their respective arguments about whether Sanchez was married to Theroux when he died. Indeed, in its dismissal motion, Ford argues "[t]o date Sanchez has produced no *evidence* from which it may be inferred she and Theroux were married under the common law at any time ever." [ECF No. 50, at 3](emphasis added)   In other words, in referring to "evidence," Ford effectively concedes that the pleadings alone are insufficient to support a summary disposition.

Ford attaches to its dismissal motion various documents to support its contention that Sanchez and Theroux were not married. These include Sanchez's March 2014 earnings statement reflecting "Fed Marital Status: Single" [ECF No. 50-1, at 47]; Theroux's 2012 and 2013 Form W-4's reflecting "Single" [ECF No. 50-1, at 48, 51]; a Theroux employment application, perhaps from 2013, in which he listed Sanchez as his "girlfriend" [ECF No. 50, at 49]; and a 2013 life insurance enrollment form in which Theroux names his sister as beneficiary instead of Sanchez [ECF No. 59, at 50].

Sanchez attaches to her response her own deposition testimony reflecting that she and Theroux designated December 11th as their wedding anniversary [ECF No. 53-1, at 203-04]; they had been living together since August of 2011 or 2012 through the date of Theroux's accident in 2014 [ECF No. 53-1, at 119, 125]; she listed herself as Theroux's "spouse" on a 2014 lease application [ECF No. 53-1, at 122-23]; she and Theroux would refer to each other as husband

6

and wife when meeting new people [ECF No. 53-1, at 190-91]; and she and Theroux shared joint bank accounts from 2010 through his 2014 death [ECF No. 53-1, at 78-79, 96-98].

Sanchez also attaches to her response social media excerpts in which Theroux purports to refer to Sanchez as his "wife" [ECF No. 53-1, at 323]; a letter from an insurance company regarding death benefits in which Sanchez is described as the "spouse" [ECF No. 53-1, at 330]; and a 2013 lease agreement listing both Sanchez and Theroux as co-tenants [ECF No. 53-1, at 335]. Theroux's mother testified during her deposition that her son referred to Sanchez as his "wife" [ECF No. 53-1, at 293-94].

Given the parties' extensive use of documentary material in support of their positions, Rule 12(d) would seem to require the court to construe Ford's motion as a Rule 56 summary judgment motion. *See* FED. R. CIV. P. 12(d). Even if treated as a summary judgment motion, however, the parties' documentary evidence precludes a summary determination that Sanchez lacks standing to maintain this action. Whether Sanchez and Theroux were in a common law marriage is a question of fact. *Warren v. Sec'y of Health & Human Services*, 868 F.2d 1444, 1446 (5th Cir. 1989)("[r]esponsibility for determining the existence of a valid common law marriage rests with the finder of fact.") The parties' competing documentary evidence generates a genuine dispute of material fact about whether Sanchez and Theroux were married. See FED. R. CIV. P. 56 (summary judgment shall be granted only if "there is no genuine dispute as to any material fact.")

### III.    Conclusion

Based on the foregoing report, the Court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED**.

7

**SIGNED and ENTERED** on August 25, 2016.

LEON SCHYDLOWER
UNITED STATES MAGISTRATE JUDGE

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS AFTER BEING SERVED WITH A COPY OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**